**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY W. STEWART,<br><br>             Petitioner,<br><br>      v.<br><br>J. MACOMBER, Warden; BRIAN G. SMILEY,<br><br>             Respondents. | CASE NO. 1:15-CV-1592-SMS (HC)<br><br>ORDER DISMISSING PETITION |

Petitioner is a state prisoner proceeding *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction. Petitioner has previously sought habeas relief at least eight times in this district, all of which have been dismissed: 1:00-cv- 5452-SMS, 1:06-cv-01400-WMW, 1:09-cv-000685-GSA, 1:09-cv- 02212-JLT, 1:10-cv-00814-DLB, 1:10-cv-00954-AWI-DLB, 1:12-cv-00594-JLT, and 1:14-cv-0026-MJS. The first action, before the undersigned, was dismissed for violating the statute of limitations. The subsequent seven were dismissed as successive. Petitioner challenged his 1994 conviction in Merced County Superior Court for sale of a controlled substance in each petition, including the instant petition.

**I.  DISCUSSION**

The Court is required to screen pleadings filed by prisoners, and to dismiss them to the extent they fail to state a claim. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the

Rules Governing Section 2254 Cases.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements; the Petitioner must first file a motion with the appropriate court of appeals to be authorized to file a second or successive petition with the district court.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. *See Felker v. Turpin*, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. *See Greenawalt*, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

## II.  ORDER

For the foregoing reasons, it is hereby ORDERED that the petition be DISMISSED as successive. The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:  **March 2, 2016**                              **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE